J. JONES,
concurring in part and
dissenting in part.
I concur with the Court’s opinion except for Part II.B.2, which concludes that the defect in Jury Instruction No. 14 was harmless, and Part II.D.2, which holds that the evidence was sufficient to support a conviction for theft of a financial transaction card. I would vacate the conviction on the ground there was not sufficient evidence to establish beyond a reasonable doubt that Hickman was guilty of theft of a financial transaction card. I.C. § 18-2407(l)(b)(3).
For a relatively short trial, this case seems to have accumulated more than its share of defects. Each of the participants below contributed their part. While I agree with the Court that some of the defects can be overlooked, I can’t conclude that the record supports Hickman’s conviction. The Judgment shows that Hickman was convicted of subsection (1) of I.C. § 18-2407(l)(b), rather .than subsection (3), and I would concur in treating this as a clerical error, provided that the record would support a conviction for violation of subsection (3). I concur that the defect in Jury Instruction No. 14 — -failing to say that the property taken was a financial transaction card — constituted fundamental error and would be inclined to agree that the error was harmless, had the evidence established beyond a reasonable doubt that valid financial transaction cards were contained in Cain’s wallet. The variance between the Amended Information and the jury instructions did not rise to the level of reversible error. And, while the evidence that Hickman took Cain’s wallet is rather thin — the less-than-perfect video did not show what the item was that Hickman picked up from the floor but Hickman did tell the casino’s security supervisor it was a wallet (his wallet)— *186 there may have been just enough to allow the jury to conclude that it was Cain’s wallet.
The troublesome part is the scanty evidence in the record that the wallet contained valid financial transaction cards. I have a hard time concluding that the evidence established this element beyond a reasonable doubt. As the Court notes, the only evidence as to the financial transaction cards came in the form of Cain’s few lines of testimony on the matter. With regard to items he had in his wallet, other than cash, Cain testified that he had a credit card. He stated, “I had $15,000 on it.” (emphasis added). Since there was no further testimony regarding the credit card, we don’t know whether it had been activated and, if so, whether it had a $15,000 limit, whether $15,000 worth of charges were on it (which may be the better interpretation since he had $15,000 on it), whether the card was in good standing, whether the card, if valid, was maxed out, or whatever. The Court is correct in concluding that a financial transaction card must be valid in order to fit within the purview of I.C. § 18-2407(l)(b)(3) but we are left with less than compelling evidence regarding the validity of this card.
With respect to the debit card, there was no testimony clearly placing it in the wallet. The prosecutor inquired, “Other than the Visa card, did you have any other type of like a credit card or debit card?” The question did not end with the phrase “in your wallet.” The answer was, “I had — well, actually I have another debit card, a Visa debit card, in there for one of my other accounts.” (emphasis added). Had Mr. Cain not changed “I had” to “I have” another card, it might have been reasonable to infer that the debit card was in the wallet at the time he lost it. It is interesting that the “had” was changed to “have”, which might indicate that he still had it at the time of trial and it wasn’t in the wallet at the time the wallet went missing. Mr. Cain did not explain where “in there” was. Again, there was no inquiry regarding the present validity of the card or anything else about it. If we are going to impose a ten-year sentence (one year fixed) on an individual for depriving another of financial transaction cards, it seems the proof should go somewhat deeper.
I.C. § 18-3122(6) defines a financial transaction card as:
[A]ny instrument or device known as a credit card, credit plate, bank services card, banking card, check guarantee card, debit card, telephone credit card or by any other name issued by the issuer for the use of the card holder in obtaining money, goods, services, or anything else of value on credit, or in certifying or guaranteeing to a person or business the availability to the card holder of the funds on deposit that are equal to or greater than the amount necessary to honor a draft or check payable to the order of such a person or business; or any instrument or device used in providing the card holder access to a demand deposit account or a time deposit account for the purpose of making deposits of money or checks therein, or withdrawing funds in the form of money, money orders, or traveler’s checks or other representative of value therefrom or transferring funds from any demand account or time deposit account to any credit card account in full or partial satisfaction of any outstanding balance existing therein.
While it is not necessary for the prosecution to show every particular detail outlined in the definition, it would be handy to at least know the names of the card holder and issuer, whether the card had been activated, and the fact that credit or funds are available to the card holder at the time of its loss (i.e. that the card is not expired, revoked or maxed out). Unfortunately, that information is not in the record with regard to the cards at issue here.
On cross examination, Cain stated that he called and canceled his Visa cards when he found they were missing. This might tend to show that they were valid, although it does not place the debit card in his wallet. On the other hand, it might also show that he was acting prudently, regardless of the validity of the cards. With the present day concern regarding identity theft, it would make sense for a person to call in to report the loss of a financial transaction card even if it is expired *187 or revoked. After all, either can be used to commit criminal offenses (I.C. §§ 18-3124 and 18-3125) or to endanger a person’s credit.
With the skimpy evidence about the financial transaction cards, compounded by the omission from Jury Instruction No. 14 that the property taken consisted of financial transaction cards, I would vacate the conviction.